IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Nicholas Whitney, | ) | C.A. No.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **C O M P L A I N T** |
| | ) | |
| Blue Cross BlueShield of South Carolina, | ) ) | |
| | ) | |
| Defendant. | ) | |

The Plaintiff, complaining of the Defendant herein, would show unto this Honorable Court as follows:

I.

Plaintiff is a citizen and resident of Texas.

II.

Defendant is an insurance company organized and existing pursuant to the laws of one of the States of the United States, and which does business in Greenville, South Carolina.

III.

In this matter, Plaintiff seeks health insurance benefits under ERISA plans pursuant to 29 U.S.C. § 1132(a)(1)(B) and this court has jurisdiction to consider this matter based upon a federal question. Defendant is subject to jurisdiction in this court because it has more than minimum contacts with this forum (*see* 29 U.S.C. § 1132(e)).

IV.

Plaintiff was provided health insurance through his employment with Avocet Hospitality under a plan which was fully insured by Defendant. Besides being the insurer of the plan,

Defendant is also the sole entity responsible for determining whether claims such as Plaintiff's should be paid.  Accordingly, Defendant is the claim administrator and a fiduciary of the plan for the purpose of deciding whether benefits are payable.  As the claim administrator, insurer, and fiduciary of the plan in which Plaintiff participated, the Defendant is a proper party Defendant in the matter *sub judice* wherein Plaintiff seeks benefits pursuant to ERISA 29 U.S.C. §1132(a)(1)(B).

V.

Plaintiff underwent certain inpatient medical treatment, and the resulting claims were submitted to Defendant for processing and payment.

VI.

Defendant denied the claims, asserting that the treatment was not medically necessary.  Plaintiff appealed the denial and fully exhausted administrative remedies, but Defendant has failed and refused to provide additional benefits.

**FOR A FIRST CAUSE OF ACTION**

VII.

Plaintiff incorporates all prior allegations, where not inconsistent, as if fully set forth herein.

VIII.

Plaintiff respectfully requests that this Court consider the administrative record compiled in this case and any other evidence relevant to any factors discussed by *Champion v. Black & Decker*, 550 F.3d 353 (4th Cir. 2008), if applicable and depending on the standard of review, and declare, pursuant to 29 U.S.C. §1132(a)(1)(B), that Plaintiff is entitled to the health insurance benefits which he seeks under the terms of the plan.  In the event that the court reviews the

record and/or other relevant information and determines that the Defendant abused its discretion or that its decision is not supported by the record, but that the substance of the record might not support Plaintiff's entitlement to benefits then Plaintiff respectfully asks that, in the event of such a finding, that the court exercise its inherent power to remand Plaintiff's claim for a "full and fair" review by the appropriate claim fiduciary Defendant.  Should the court award Plaintiff any part of the relief requested, Plaintiff additionally prays that the Court award him attorney's fees and costs pursuant to 29 U.S.C. §1132(g).

**WHEREFORE,** having fully stated his complaint against the Defendant, Plaintiff prays for a declaration of entitlement to the health insurance benefits he seeks pursuant to 29 U.S.C. §1132(a)(1)(B), attorney's fees and costs pursuant to 29 U.S.C. §1132(g), and such other and further relief as this Court deems just and proper, including pre-judgment interest on all benefits due from the point at which benefits were payable through the time of judgment.

s/ M. Leila Louzri  
M. Leila Louzri, Esq.  
Federal Bar #:  12007  
**FOSTER LAW FIRM, L.L.C.**  
Post Office Box 2123  
Greenville, South Carolina 29602  
(864) 242-6200  
(864) 233-0290 (facsimile)  
E-mail:  llouzri@fosterfoster.com  

Date: June 27, 2019               Attorneys for Plaintiff